We have a motion that is being argued before we start our regular calendar, so let me call that motion. Borrelli versus de Blasio, five minutes each side. Councils? Good morning, your honors. Thank you very much for the opportunity to speak. This case is simply a matter of a federal court upholding federal law. PCR testing is emergency use authorized products. What that means is that they cannot be mandated. This is black letter law. This is clear. Free and voluntary consent is necessary as the participant must be given the option to freely participate or not. Under New York Public Health Law 2441, paragraph five, coercion is not permitted. Also, quite a bit of attention has been given to the meaning of the term consequences. The plain reading of the statute is that the subject must be informed of the consequences of refusal to have the product administered. Now, that means, according to a drug definition, administration needs to be dispensed or applied to a subject. It does not mean conditions imposed. There is no language to say that conditions may be imposed and punitive measures may be imposed, such as was the case in O. V. Rumsfeld, where military soldiers brought action to prevent the military from injecting them with an experimental drug, an experimental product. In that case, the quote-unquote conditions would be that they could be dishonorably discharged, imprisoned, demoted, cut in pay. Counsel, what is the city trying to do to your clients? Thank you very much, Your Honor. What they're trying to do is they're telling the children and the parents of the children that if they refuse to participate in this experimental program, they will not be able to- What is the experimental program? Isn't it merely testing? Well, it's an emergency use authorized test, which means that it cannot be mandated. The PCR test is not FDA approved. It does not diagnose, treat, mitigate disease. Counsel, this is a state action doing something to take care of its citizens. Where do we fit in? Aren't you essentially re-arguing the law? Your Honor, no, we're not. All we're saying is that the court has the power to enforce federal law when a state violates it. The state actors are violating the law by imposing punishment upon the children by separating them and segregating them from the school grounds. If they set foot on the school grounds, they're technically trespassing. Emergency use authorization means that the individual cannot be coerced into participation. The coercion comes in the form of punishment by removing their children from their classroom, from their friends, from their teacher, from the school and segregating them. It is unconstitutional to do that. When you say they're violating federal law, do you mean a federal statute or the federal constitution? The federal statute is 360 BBB 3, and that is emergency use authorization. Appellee's papers admit that their program has an experimental use or emergency use authorization. It's emergency use authorization. That doesn't sound like it's either a requirement or a prohibition. What does it say that you say is being violated? What it says is that since it's not FDA approved and it's an emergency countermeasure, it's an experiment. And since it is, it's not proven to diagnose or treat. That's not what I asked you. It may be an what does it say that prohibits or requires you to do something that you're complaining about? Yes, your honor, that the subject must be given the option to accept or refuse the administration of the product. Of the product? Yes. And product is a term of art by the FDA that means either a biologic, which is a, is a vaccine or a drug or a medical diagnostic device, which is, which is the case here. Thank you, Mr. Flores. Your time has expired. We'll hear from the city. Good morning. Good morning, your honors, and may it please the court. My name's Philip Young here on behalf of the city of Pelley's in opposition to the judge Newman's question, the, the statute in question here regarding emergency use authorization. The city is the city's program is consistent with that law because the city gives parents the option to accept or refuse administration of these tests on behalf of their students. Voluntary consent based program. And as the district court found it's based on informed parental consent. The parent is provided with a consent form that provides information and background about the details of the test, the confidentiality protections, the frequency of the test and things of that nature. And then it provides the parent the option to accept or refuse. So it's entirely consistent with federal law governing emergency use authorization. And in any event, that that law does not provide a private cause of action that would allow the plaintiffs to bring suit in federal court for violations of the emergency use authorization laws. The FDCA of which these laws are a part says that only the United States can bring a lawsuit for a violation of the emergency use authorization laws. And then with respect to plaintiff's other claims, there are the three constitutional claims that they raise. They have not sufficiently alleged a constitutional violation as to any of those claims. First on the due process claim, plaintiffs are arguing that the city is denying them a right to a public education by placing them in remote learning rather than in-person learning. But as this court held in Bryant, very clearly, there's no protected property interest in any particular type of educational program. Here, the students are not being denied an education. They are simply being placed temporarily in remote learning, which is a, at this point, pretty universally accepted practice that most school districts in the country have enacted in some capacity. On the equal protection claim, plaintiffs make no allegations that they are members of a constitutionally protected class, and they don't allege that the city's program distinguishes among similarly situated students based on membership in a protected class. Counsel, what's the status of the appeal? The status of the appeal is that, as far as I know, it's ongoing. Plaintiffs have filed their notice of appeal, and there's a deadline for them to file their opening brief that I believe is in July. Should the appeal be expedited? No, the city does not think it's necessary for the appeal to be expedited in this situation. You know, the plaintiffs have an opportunity to file their hearing on this preliminary injunction motion. How long does the school year continue? Your Honor, the school year is going to go until, I believe, around the middle of June 2020 this year, and then it will... So, by then, the issue, I won't say is moved, but at least there is considerable time before we see whether and what's up in the fall, isn't it? Yes, yes, that's right, Your Honor. Right now, the city is planning to keep the testing program in place through the end of this school year, and then continue a similar testing program for their summer school program. But the city has not made a formal decision yet about whether or not it will continue the testing program for the new school year in September of this year. And then, just finally, in my last couple of seconds here, on the Fourth Amendment claim, the city's testing program is consistent and substantially similar to the drug testing program, the urinalysis testing program that the Supreme Court twice upheld in two different forms, in Vernonia and one in Board of Education v. Earls. The other testees were not children. Well, the testees there were high school-age students. That's correct. They were not children. But the intrusion on the students' privacy interest there was arguably much greater. It involved a urine sample where teachers will monitor them to listen for sound urination. I see that my time is up. Your time is up. We will try to decide this very early, perhaps this afternoon. Thank you all for participating.